**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

TERRANCE L. BATTLE, a/k/a Lemont
Battle,

                    *Defendant-Appellant.*

No. 05-4757

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, Chief District Judge.
(CR-04-179)

Argued: May 23, 2007

Decided: September 5, 2007

Before NIEMEYER and GREGORY, Circuit Judges,
and David C. NORTON, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by published opinion. Judge Norton wrote the opinion, in
which Judge Niemeyer joined. Judge Gregory wrote a dissenting
opinion.

_____

## COUNSEL

**ARGUED:** Matthew Anthony Victor, VICTOR, VICTOR & HEL-
GOE, L.L.P., Charleston, West Virginia, for Appellant. Miller A.
Bushong, III, Assistant United States Attorney, OFFICE OF THE

UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee. **ON BRIEF:** Charles T. Miller, Acting United States Attorney, Charleston, West Virginia, for Appellee.

---

**OPINION**

NORTON, District Judge:

Appellant entered a guilty plea on a single charge of possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After a thorough plea colloquy, the district court stated, "Your plea of guilty is *provisionally* accepted pending receipt of a presentence investigation." J.A. 205 (emphasis added). Appellant subsequently moved to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d). The district court denied the motion, reasoning that appellant failed to show a "fair and just reason" for withdrawal. Appellant argues the district court erred because he had an unconditional right to withdraw the plea under Rule 11(d)(1) because the court had not yet accepted the guilty plea. For the reasons set forth below, we affirm the district court's denial of the motion to withdraw.

Appellant also contends the district court committed a number of errors in imposing a 120-month term of incarceration, a sentence at the bottom of the Guidelines range. Specifically, appellant argues the district court applied a four-level enhancement by finding facts in violation of *United States v. Booker*, 543 U.S. 220 (2005), failed to adequately consider the 18 U.S.C. § 3553(a) factors, and miscalculated the base offense level under the United States Sentencing Guidelines. We disagree and affirm the sentence imposed.

I.

On September 14, 2004, a federal grand jury indicted appellant on a single charge of possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). J.A. 9. The indictment resulted from appellant's arrest after law enforcement officers found a handgun in the vehicle he was driving. J.A. 96-99. Appellant attempted to enter a guilty plea on February 10, 2005, but misrepresentend the circum-

stances of his guilt to the court. He first testified that the firearm was not his and that he did not know it was in his car. J.A. 98. Appellant then changed his testimony and stated the firearm was his. J.A. 98-99. Then appellant said the firearm was not his but that he knew the gun was in the car. J.A. 101. Following a brief recess, appellant admitted that he had lied under oath. J.A. 103. The district judge refused to accept the plea because of appellant's inconsistent statements. J.A. 103-05.

On February 16, 2005, the day trial was scheduled to begin, appellant again stated that he wanted to enter a guilty plea. J.A. 171. The district court conducted a standard plea colloquy. As part of the colloquy, the court found that appellant was competent, was acting voluntarily, appreciated the consequences of pleading guilty, and that there was a factual basis for the plea. J.A. 204-05. At the end of the colloquy, the district judge stated:

> Your plea of guilty is provisionally accepted pending receipt of a presentence investigation, and the court will defer final acceptance of the plea agreement and the adjudication of guilt until we've all had an opportunity to review that report.

J.A. 205. When the jurors were brought into the courtroom, the district judge informed them that he had "accepted" the defendant's plea and that their service was no longer needed. J.A. 207.

The district court issued an order pertaining to the guilty plea on February 23, 2005. The order recited the events of the second plea hearing, and noted that the court had "conditionally accepted" appellant's guilty plea. J.A. 219. In choosing to conditionally accept the plea, the court noted that it was deferring further action pursuant to U.S.S.G. § 6B1.1(c), which permits a court to accept or reject a plea agreement described in Rule 11(c)(1)(A) or (C), or to defer a decision on the agreement until it has an opportunity to review the presentence report. The district judge concluded the order by stating, "[T]he court adjudges and the defendant now stands provisionally guilty of Count One of the single-count indictment." J.A. 219.

After reviewing the presentence report, appellant moved to withdraw his guilty plea. As the basis for his motion, appellant claimed

he was surprised at the high sentence recommended by the presentence report. J.A. 235-36. In deciding the motion, the district court applied the "fair and just reason" standard for withdrawal provided in Rule 11(d)(2)(B). *See* J.A. 233, 239-40. The district court denied the motion, concluding that appellant's reaction to the presentence report was not a fair and just reason for withdrawal. J.A. 238-39.

The presentence report made two recommendations that are particularly relevant to the issues on appeal. First, the report assigned a base offense level of twenty-four under U.S.S.G. § 2K2.1(a)(2) because appellant had two prior controlled-substance felony convictions. Second, the report recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) because appellant previously used a firearm in connection with another felony offense. J.A. 294-95. Appellant objected to both of these recommendations. J.A. 305.

At the outset of the sentencing hearing, the district court stated that "[e]xcept as may be modified by specific rulings made at this hearing, the court adopts as its findings the facts and conclusions contained in the presentence report." J.A. 241. The district court then heard evidence on whether appellant used a firearm while distributing controlled substances. Jessica Blankenship, an acquaintance of appellant, testified that she purchased crack from appellant once and that she saw her friends purchase crack from him approximately eight or nine times. J.A. 247-48. Blankenship further testified that she saw appellant with a gun every time she or her friends purchased crack from him. J.A. 250. Appellant offered only his own testimony to rebut Blakenship's testimony. He testified that he hardly knew Blankenship and that he never had a gun in his dealings with her. J.A. 263-64. The court found Blankenship to be more credible than appellant based on appellant's perjury during his first plea hearing. J.A. 271. Thus, relying on Blankenship's testimony, the court found that appellant had used a firearm in connection with another felony offense and applied the four-level enhancement under U.S.S.G. § 2K2.1(b)(5). J.A. 271.

The district court also specifically found that the presentence report properly calculated the base offense level under U.S.S.G. § 2K2.1(a)(2). J.A. 273. Before imposing the sentence, the court noted, "[W]hen you pled guilty on February 16, 2005, I deferred final acceptance of your plea agreement, as well as the adjudication of

guilt, pending receipt of the presentence report." J.A. 272. The court then stated, "I now accept your plea agreement and your plea of guilty, find you guilty, and you stand convicted of that offense before the court." J.A. 273. In terms of the § 3553(a) factors, the court stated that it had "considered all of the factors under 18 U.S.C. 3553(a), as well as the directives of" *Booker* and our decision in *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005). J.A. 278. The district court also explained that it found "the guideline range sentence of 120 months to be appropriate in this case." *Id.* The court then imposed a sentence of 120-months' incarceration, which was both the statutory maximum and at the bottom of the Guidelines range.

## II.

This is our first opportunity to consider what it means to "accept" a guilty plea under Rule 11(d). Before 2002, Rule 32(e) governed the withdrawal of guilty pleas. That rule stated that if a "motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." The rules were amended in 2002 so that Rule 11 now governs the withdrawal of guilty pleas. Under Rule 11, a defendant may withdraw a guilty plea (or plea of nolo contendere) before the court accepts the plea for any reason or no reason. Fed. R. Crim. P. 11(d)(1). But if the court has accepted the defendant's plea, the plea may only be withdrawn if the court rejects a plea agreement under Rule 11(c)(5) or if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). A guilty plea cannot be withdrawn after a sentence has been imposed except on direct appeal or by collateral attack. Fed. R. Crim. P. 11(e).

## A.

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Bowman*, 348 F.3d 408 (4th Cir. 2003). But as another circuit has recognized, the abuse of discretion standard may not be appropriate in certain circumstances because a district court cannot deny a motion to withdraw an unaccepted guilty plea. *See United States v. Jones*, 472 F.3d 905, 908 (D.C. Cir. 2007). Accordingly, the District of Columbia Circuit reviews the district court's determination of whether a plea has been accepted *de novo*.

*Id.* at 909. In this case, it is unnecessary to determine what standard of review applies because we are satisfied that both will require the same result.

## B.

The district court could have accepted the guilty plea even though it deferred acceptance of the plea agreement and the adjudication of guilt. The Supreme Court has held that "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." *United States v. Hyde*, 520 U.S. 670, 674 (1997). Before *Hyde*, this court reached the same result in *United States v. Ewing*, 957 F.2d 115 (4th Cir. 1992). Though *Hyde* and *Ewing* predate the 2002 amendments to Rule 11, the advisory committee note accompanying the amendments indicates the amendments were intended to incorporate *Hyde*'s holding. *See* Fed. R. Crim. P. 11 advisory committee's note (2002 amendments); *Jones*, 472 F.3d at 908.

Two other circuits have addressed what it means to accept a guilty plea under current Rule 11(d). In *United States v. Head*, 340 F.3d 628 (8th Cir. 2003), the defendant entered a guilty plea and the district court conducted the plea colloquy. *Id.* at 629, 631. The defendant subsequently moved to withdraw the guilty plea and the district court denied his motion. *Id.* at 629. The Eighth Circuit reversed, holding the defendant could unconditionally withdraw the plea because the district court had not accepted it. *Id.* at 629. In reaching that conclusion, the Eighth Circuit considered whether the district court expressly or impliedly accepted the plea. First, the district court did not expressly accept the plea because it never stated "'I accept your plea of guilty.'" *Id.* at 630. Second, many of the district court's statements at the plea hearing indicated that it was deferring acceptance of the guilty plea, precluding an implied acceptance. *Id.* The strongest evidence that an acceptance did not occur was the district court's statement that the government could withdraw the plea agreement if the defendant "commits any new offense *before I accept the guilty plea*." *Id.* 631.

In *Jones*, the District of Columbia Circuit held that an acceptance had occurred under Rule 11(d) despite the district court's statement that it "'conditionally accepted'" the plea. *Id.* at 906-07. Jones entered

a guilty plea and, following the plea colloquy, the district court stated that it would "'conditionally accept the guilty plea subject to review of the plea agreement and the presentence report that is prepared.'" *Id.* at 906. At the plea hearing, the district court informed Jones of the consequences of pleading guilty, stating that Jones would only have the opportunity to withdraw or change his plea if the court did not accept the plea agreement. *Id.* at 907. When Jones moved to withdraw his plea, the district court applied the fair and just standard for withdrawal and denied Jones's motion. *Id.*

On appeal, Jones made two arguments as to why the district court had not accepted his plea. First, he argued that a "conditional" acceptance does not constitute an acceptance for purposes of Rule 11(d). *Id.* at 908. The D.C. Circuit rejected that argument, concluding that the district court's use of the word "conditional" simply reflected Jones's ability to withdraw the plea under Rule 11(d)(2)(A) if the court rejected the plea agreement. *Id.* Such "conditions subsequent," as the Supreme Court stated in *Hyde*, do not prevent a district court from accepting a guilty plea. *Id.* (citing *Hyde*, 520 U.S. at 679-80). Second, Jones argued that the district court acknowledged he had a general right to withdraw the guilty plea. The D.C. Circuit disagreed, stating that Jones had no "reasonable basis" for thinking he had a right to withdraw his plea. *Id.* at 909. Jones should have realized the finality of the plea, the court reasoned, because the district court used the word "accepted" (although prefaced by "conditionally") and stated "'I find you guilty.'" *See id.* The D.C. Circuit concluded that, under the circumstances, the district court accepted Jones's plea and that he was therefore required to show a fair and just reason to warrant withdrawal. *Id.*

## C.

We conclude the district court accepted appellant's guilty plea. Placing too much emphasis on the district court's use of the qualifier "provisionally" would ignore the inherently conditional nature of guilty pleas under Rule 11. No guilty plea is absolutely final until a sentence has been imposed. *See* Fed. R. Crim. P. 11(e). Before sentencing, every guilty plea can be withdrawn if a defendant can show a fair and just reason or if the court rejects a plea agreement made under Rule 11(c)(5). Fed. R. Crim. P. 11(d)(2). Moreover, as *Hyde*

and *Jones* explained, the potential for later withdrawal does not pro-
hibit a district court from accepting a plea. *See Hyde*, 520 U.S. at 679-
80; *Jones*, 472 F.3d 909.

Permitting a defendant to withdraw a guilty plea for any reason or
no reason in these circumstances would undermine the importance of
the plea colloquy. The rules should not be interpreted to allow a
defendant to withdraw a guilty plea "simply on a lark" after the dis-
trict court conducts a thorough plea colloquy and has made the requi-
site findings. *See Hyde*, 520 U.S. at 676. During the colloquy, the
defendant admits, in open court, that he is guilty and describes the cir-
cumstances of his guilt. It makes little sense to permit an uncondi-
tional withdrawal of a guilty plea after the colloquy has been
conducted, especially when the district court has informed the defen-
dant of the consequences of pleading guilty and the defendant had no
reason to believe he could withdraw the plea at a later date for any
reason. Even if the circumstances warrant a withdrawal after the col-
loquy, the defendant is adequately protected by the fair and just with-
drawal standard. Thus, once the district court has satisfied Rule 11's
colloquy requirement, there is a presumption that the court has
accepted the defendant's guilty plea. *See United States v. Lambey*,
974 F.2d 1389, 1394 (4th Cir. 1992) (*en banc*) ("If an appropriately
conducted Rule 11 proceeding is to serve a meaningful function, on
which the criminal justice system can rely, it must be recognized to
raise a strong presumption that the plea is final and binding.") Appel-
lant has failed to rebut that presumption in this case.

Rule 11 is silent as to how a district court must signal its accep-
tance of a guilty plea. As a precondition to acceptance, the district
court must first complete the plea colloquy. Fed. R. Crim. P. 11(b).
In that regard, acceptance of a guilty plea is intimately tied to the col-
loquy and Rule 11(b). But beyond conducting the colloquy, the Rules
do not specify what a district court must say or do to accept a plea.
Given the Rules' silence, we see no reason to require district courts
to use some kind of talismanic "magic words" to effect an acceptance
once the colloquy has been completed.

Although Rule 11 does not require "magic words" for an accep-
tance, there is little doubt that an unambiguous acceptance (e.g., "I
accept your guilty plea") would have avoided the problems encoun-

tered here. Such a statement prevents confusion and provides strong, if not conclusive, evidence that an acceptance has occurred. An unambiguous acceptance of a guilty plea is also permissible under *Hyde* and *Hughes* even if the district court defers acceptance of the plea agreement. Although the district court here did not make such an unequivocal acceptance, we conclude it nonetheless accepted appellant's guilty plea and correctly applied the fair and just reason standard.

### III.

Appellant further contends the district court committed three errors in calculating and imposing his sentence. First, he asserts the district court erroneously applied a sentence enhancement based on facts found in violation of *Booker*. Second, appellant argues the district court failed to adequately consider the § 3553(a) factors in determining the appropriate sentence. Finally, appellant argues the district court erroneously considered his past controlled substance offenses in calculating the total offense level.

### A.

Appellant first argues the district court improperly enhanced his sentence based on facts not found by a jury. In *Booker*, the Supreme Court held the Sentencing Guidelines violate the Sixth Amendment to the extent they require a court to impose a sentence based on facts not found by a jury. *Booker*, 543 U.S. at 245. The Court remedied the Guidelines' unconstitutionality by excising and severing the statutory provisions that made the Guidelines mandatory. *Id.* Although *Booker* made the Guidelines "effectively advisory," *id.*, the sentencing court must still "consult [the] Guidelines and take them into account when sentencing," *id.* at 264. The sentencing court may also "tailor the sentence in light of other statutory concerns as well," specifically the factors located at 18 U.S.C. § 3553(a). *Id.* at 245-46.

Sentences that fall within the Guideline range are entitled to a presumption of reasonableness on appellate review. *United States v. Green*, 436 F.3d 449, 456-57 (4th Cir. 2006); *see Rita v. United States*, 551 U.S. __, 127 S. Ct. 2456, 2462 (2007) (holding the courts of appeals may apply a presumption of reasonableness to within-

Guidelines sentences). In *Rita*, the Supreme Court recognized that *Booker*'s remedial scheme and the presumption of reasonableness may result in sentences based on facts found by a judge. *See Rita*, 127 S. Ct. at 2465-66. Such a result does not present a constitutional issue, however, because the Court's "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence." *Id.* Thus, our precedents holding that district courts must make the factual findings necessary and appropriate to reach the correct sentence are in accord with *Rita*. *See Green*, 436 F.3d at 455; *Hughes*, 401 F.3d at 546. The district court therefore did not violate appellant's Sixth Amendment rights by imposing a sentence based on facts not found by a jury.

When applying the Guidelines in an advisory manner, the district court can make factual findings using the preponderance of the evidence standard. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). We review the district court's factual findings for clear error. *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007). There was sufficient evidence, in the form of Blankenship's testimony, to support the finding that appellant previously used a firearm in connection with another felony offense. Appellant offered only his own testimony to rebut Blankenship's testimony, which the district court was entitled to discredit based on appellant's prior misrepresentations to the court. In light of the evidence, the district court did not err in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(5).

B.

Appellant next argues the district court failed to adequately consider the § 3553(a) factors. After calculating the sentence under the Guidelines, the district court must consider that sentence in light of the § 3553(a) factors. *Hughes*, 401 F.3d at 546. If the § 3553(a) factors support a sentence within the Guidelines range, the district court should impose a sentence within the range that best serves the factors. *Green*, 436 F.3d at 455. If the § 3553(a) factors do not support a sentence within the Guidelines range, the district court can impose a sentence outside the range that best serves the factors as long as it articulates why the factors support the sentence imposed. *Id.* A district court must therefore consider the § 3553(a) factors in every case,

regardless of whether the sentence imposed is within the Guidelines range.

The Court in *Rita* discussed the extent to which a district court must explain its consideration of the § 3553(a) factors. While § 3553(c) requires a district court to offer some explanation of its application of the factors, the statute does not "insist[ ] upon a full opinion in every case." *Rita*, 127 S. Ct. at 2468. The sentencing judge need only set forth enough "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* The Court elaborated on how that standard works in cases involving within-Guidelines sentences:

> [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.

*Id.* In some cases, applying a Guidelines sentence will in itself be sufficient to demonstrate that the district court has considered the § 3553(a) factors. But if a party argues the Guidelines sentence is not supported by § 3553(a) or requests a variance, the district court will normally need to give some explanation for the sentence. *Id.* The necessary amount of explanation depends on the circumstances: "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.*

The district court in *Rita* imposed a sentence at the bottom of the Guidelines range. *Id.* at 2462. The defendant had moved for a sentence outside the Guidelines range based on § 3553 for three reasons: (1) his past experience in criminal justice work, which he argued made him a target for retribution from other inmates; (2) his twenty-five year military career, during which he received numerous commendations for his service; and (3) his poor physical health. *See id.* at 2461. The district court heard the parties' arguments and "asked

questions about each factor." *Id.* at 2462. The district judge concluded the Guidelines range was not "inappropriate" and that the sentence supported the public's need to be protected from further wrongdoing under § 3553(a)(2)(C). *See id.* With that, the district court sentenced the defendant to a thirty-three month term of imprisonment. *Id.*

The Supreme Court determined the district court's explanation sufficiently demonstrated that it considered the § 3553(a) factors. The record as a whole, the Court reasoned, showed the district judge listened to the parties' arguments, considered the evidence, and understood the relevant mitigating factors. *Id.* at 2469. The district judge "simply found" the circumstances did not warrant a lower sentence. *Id.* The Supreme Court noted the district judge "might have said more," but further explanation was not required because the record demonstrated that he "heard and considered the evidence and argument," that he considered the Commission's determination of the proper sentence in like cases, and that he felt the defendant's personal characteristics did not support a lesser sentence. *See id.* "Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments," the Court concluded, "we do not believe the law requires the judge to write more extensively." *Id.*

Appellant here objected to the presentence report's determination that no mitigating factors supported a sentence outside the Guidelines range. *See* J.A. 306. Appellant requested that the court "take into consideration his medical condition, the lack of educational opportunities in the prison system, and other factors apparent from the record, in passing sentence." *Id.* While defense counsel failed to offer any argument on those issues at the sentencing hearing, it is clear from the record that the district judge understood appellant's personal characteristics. The presentence report presented an exhaustive overview of appellant's personal history. As part of that history, the report thoroughly discussed appellant's physical condition and mental health, noting that he suffered from chronic arthritis pain, allergies, and depression. J.A. 300-01. The presentence report also noted that appellant completed only the eleventh grade. J.A. 302. The district judge accepted the presentence report and made it a part of the record, and the record as a whole demonstrates that he was more than familiar with the report's findings and recommendations. *See* J.A. 241.

Appellant moved for a lesser sentence based on the factors, which, under *Rita*, required the court to do more than simply apply the Guidelines sentence. *See Rita*, 127 S. Ct. 2468. The district judge stated that he considered "all of the factors under 18 U.S.C. 3553(a)" and found "the guidelines range sentence of 120 months to be appropriate in this case." J.A. 278. As the Supreme Court concluded in *Rita*, such a statement demonstrates that the district court considered appellant's arguments but found his personal characteristics did not warrant a sentence outside the Guidelines range. *See id.* at 2469. Thus, the district judge was entitled to rely on the Commission's consideration of the § 3553(a) factors in formulating the sentence. Accordingly, the district judge's brief statement was sufficient under the circumstances to show he considered the § 3553(a) factors to determine the appropriate sentence.

To the extent appellant argues his sentence was substantively unreasonable, we do not agree. Because appellant's sentence imposed fell within the guidelines range, the sentence is entitled to a presumption of reasonableness. *United States v. Ruhbayan*,__ F.3d __, 2007 WL 2215955, at *10 (4th Cir. Aug. 3, 2007). Under the reasonableness inquiry, we must consider "whether the sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law." *Green*, 436 F.3d at 457. There is no reason to believe that the district court gave excessive weight to any of the relevant factors. Moreover, having reviewed the record, we cannot conclude that appellant's circumstances, such as his health issues or educational background, make his sentence unfair or unjust.

## C.

Finally, appellant argues the district court improperly calculated the base offense level. The district court assigned a base offense level of twenty-four pursuant to U.S.S.G. § 2K2.1(a)(2), which applies if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Appellant asserts he had only one qualifying prior felony controlled substance offense conviction and that the district court thus erred by applying § 2K2.1(a)(2).

To qualify as a felony controlled substance offense conviction under § 2K2.1(a)(2), the offense must satisfy two requirements: (1) the offense must have been a "controlled substance offense" as defined at § 4B1.2(b); and (2) the offense must have received criminal history points pursuant to § 4A1.2(a), (b), or (c). *See* U.S.S.G. § 2K2.1, app. notes 1 & 12. A "controlled substance offense" includes any offense "punishable by imprisonment for a term exceeding one year" that prohibits "the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). The Guidelines also assign criminal history points for prior sentences of imprisonment. *See id.* § 4A1.1. But if the term of imprisonment did not exceed one year, a district court may only assign points if the sentence was "imposed within ten years of the defendant's commencement of the instant offense." *Id.* § 4A1.2(e)(2).

Among appellant's many prior convictions, there are two offenses that may qualify as a felony controlled substance offense conviction for purposes of § 2K2.1(a). First, appellant was arrested in February 1994 and charged with possession with the intent to distribute. J.A. 296. He pleaded guilty to that offense on August 1, 1994, receiving thirty-six days incarceration and three years probation. *Id.* The district court assigned no criminal history points for that offense, ostensibly because it fell outside the time period established in § 4A1.2(e)(2). *Id.* Second, appellant was arrested in July 1995 and again charged with possession with the intent to distribute. J.A. 297. He subsequently pleaded guilty to that offense as well, receiving four years incarceration. *Id.* The district court assigned three criminal history points for that offense pursuant to § 4A1.1(a). *Id.*

Appellant does not dispute that the district court properly considered the 1995 offense in calculating the base offense level. Nor does appellant appear to dispute that the 1994 offense was a "controlled substance offense" under § 4B1.2(b). Rather, appellant contends the district court should not have considered the 1994 offense in calculating the base offense level because he did not receive criminal history points for that offense.

We agree with appellant in only one respect: *if* the district court correctly assigned no criminal history points for the 1994 offense, then the district court erred in applying § 2K2.1(a)(2). A closer exam-

ination of the facts and relevant Guidelines provisions reveals, however, that the district court erred only by failing to assign criminal history points for that offense. In deciding that § 4A1.1(e)(2) applied, the district court apparently looked to the date of the arrest. That was incorrect because § 4A1.1(e)(2) references only two dates: (1) the date the sentence was imposed, and (2) the date the defendant commenced the instant offense. *See* U.S.S.G. § 4A1.1(e)(2). Thus, § 4A1.1(e)(2) does not apply if the sentence was imposed within ten years of the instant offense, regardless of when the conduct giving rise to that sentence occurred. *See United States v. Adams*, 403 F.3d 1257, 1260 (11th Cir. 2005); *United States v. Napoli*, 179 F.3d 1, 17-18 (2d Cir. 1999); *United States v. Carroll*, 110 F.3d 457, 461-62 (7th Cir. 1997); *United States v. Lavin*, 27 F.3d 40, 41-42 (2d Cir. 1994).*

Appellant pleaded guilty to the 1994 offense on August 1, 1994. J.A. 296. Thus, the sentence was imposed, at the earliest, on August 1, 1994. According to the indictment and appellant's admissions, the instant offense occurred on July 2, 2004, J.A. 9, 195, approximately nine years and eleven months after appellant pleaded guilty to the 1994 offense. Therefore, § 4A1.2(e)(2) did not apply and the district court should have assigned one criminal history point based on the sentence of thirty-six days' incarceration appellant received for committing the 1994 offense. *See* U.S.S.G. § 4A1.1(c).

Appellant had two prior felony controlled substance offense convictions under § 2K2.1(a)(2): convictions in 1994 and 1995 for possession with intent to distribute, both of which received or should have received criminal history points. Accordingly, we affirm the district court's calculation of the base offense level pursuant to § 2K2.1(a)(2).

---

*We note that appellant made only general objections to the presentence report's calculation of the base offense level and its criminal history point determinations. *See* J.A. 305. Moreover, at the sentencing hearing, appellant did not present detailed arguments to support his objections, but instead superficially asserted that he received too many criminal history points and that the sentencing process violated his rights under *Booker*. Although appellant's objections were sufficient to preserve the issues for appeal, appellant certainly did not make detailed arguments on the issues we discuss herein, particularly with respect to the nuances of § 2K2.1(a)(2).

IV.

For the foregoing reasons, we affirm the district court's denial of appellant's motion to withdraw his guilty plea. We also conclude the district court followed *Booker* and adequately considered the § 3553(a) factors in determining the appropriate sentence. Moreover, the district court correctly calculated the base offense level under the Guidelines.

The judgment of the district court is accordingly

*AFFIRMED*.

GREGORY, Circuit Judge, dissenting:

On February 16, 2005, Terrance L. Battle pleaded guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After making the necessary investigation and concluding that there was a factual and legal basis for the guilty plea, the district court said to Battle, "Your plea of guilty is provisionally accepted pending receipt of the presentence investigation, and the court will defer final acceptance of the plea agreement and the adjudication of guilt until we've all had an opportunity to review that report." J.A. 205. One week after the hearing, the court issued an order saying it had conditionally accepted Battle's guilty plea but that "the guilty plea will not be accepted or rejected by the court until a presentence report is available for the court's consideration." J.A. 216.

Despite this evidence that the district court did not accept Battle's guilty plea at the hearing in question, the majority treats the district court's provisional acceptance as a final one. I cannot agree with this conclusion. The district court did not accept Battle's guilty plea until the sentencing hearing, by which time Battle had already asked that the plea be withdrawn. According to Rule 11(d) of the Federal Rules of Criminal Procedure, the district court was required to permit Battle to withdraw his plea. Because the majority does not remand Battle's case with an order that the district court do so, I respectfully dissent.

Rule 11(d)(1) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea "before the court accepts the plea, for any reason or no reason." The language of the Rule is not discretionary; if a defendant wishes to withdraw his guilty plea before the district court has accepted it, the court must allow him to withdraw it. *See, e.g.*, *United States v. Head*, 340 F.3d 628, 631 (8th Cir. 2003) ("Head's guilty plea remained unaccepted by the district court when he moved to withdraw it on September 4, 2002, and under Rule 11(d) Head retained an absolute right to withdraw his plea."). The crucial issue in this case is when, precisely, the district court accepted Battle's plea.

After discussing the Eighth Circuit's ruling in *United States v. Head*, and the District of Columbia Circuit's ruling in *United States v. Jones*, 472 F.3d 905 (D.C. Cir. 2007), the majority concludes that the district court accepted Battle's plea at the February 16 hearing. The majority begins its analysis by stating that placing "emphasis on the district court's use of the qualifier *provisionally* would ignore the inherently conditional nature of guilty pleas under Rule 11." *Ante* at 7. Yet precisely because "[n]o guilty plea is absolutely final until a sentence has been imposed," *ante* at 7, the "provisional" nature of all pleas is implied and Rule 11 inherently incorporates this concept. *See, e.g.*, *United States v. Hyde*, 520 U.S. 670, 679-80 (1997) ("When the 'fair and just reason' standard was added in 1983, the Rules already provided that the district court could defer decision on whether to accept the plea agreement, that it could then reject the agreement, and that the defendant would then be able to withdraw his guilty plea. Guilty pleas made pursuant to plea agreements were thus already subject to this sort of condition subsequent."); Advisory Committee Notes on the 1983 Amendment to Fed. R. Crim. P. 32 ("Given the great care with which pleas are taken under this revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice."). Thus, if the district court's description of Battle's plea as "provisionally accepted" and "conditionally accepted" had any meaning, those descriptions must have meant that the plea was not simply contingent on the normal Rule 11 conditions, such as the defendant's right to withdraw the plea if the plea agreement is ultimately rejected.

If the district court's description of a plea as provisionally accepted were simply a stray remark during the Rule 11 colloquy, then this Court would be remiss in ignoring the clear intent of the district court to accept the defendant's plea. In this case, however, there is ample evidence supporting the conclusion that the district court, although it could have accepted Battle's plea at the Rule 11 hearing, did not, in fact, accept the plea at that time. In addition to describing Battle's plea as having been "provisionally" and "conditionally" accepted, the district court's order stated "that the guilty plea will not be accepted or rejected by the court until a presentence report is available for the court's consideration." (J.A. 216) *Compare United States v. Shaker*, 279 F.3d 494, 496 (7th Cir. 2002) (holding that district court had deferred acceptance of plea where it stated "I am deferring my decision on acceptance or rejection of your plea of guilty and your Plea Agreement until after I've had an opportunity to study the Presentence Report"), *with Petsche v. Tafoya*, 146 Fed. App'x 306, 314 (10th Cir. 2005) (holding that district court accepted plea, despite not expressly declaring such, where there were no conditional or tentative statements and "court *did not* say that it wanted to review the presentence report before formally accepting [the] plea"). Furthermore, the district court explicitly chose to defer Battle's adjudication of guilt until receipt of the presentence report. Thus, rather than isolated remarks terming the plea "provisional," the district court repeatedly expressed the view that it was deferring acceptance of Battle's plea.

The actions of the district court are distinguishable from those of the district court in *Jones*. First, in *Jones*, the only evidence that the district court had deferred acceptance of the defendant's guilty plea were two isolated remarks, one of which referred to a "conditional[ ]" acceptance of the guilty plea. 472 F.3d at 909. Unlike in the instant case, however, the balance of the district court's remarks in *Jones* made clear that the court was accepting the plea. *See id.* Most notably, the district court explicitly stated that it found the defendant guilty. *Id.* By contrast, in this case, the district court specifically noted that it was deferring any adjudication of guilt.

The instant case is much closer to the situation in *Head*, where the Eighth Circuit held that the district court had deferred acceptance of the defendant's guilty plea. The district court in *Head*, as in the instant case, never explicitly accepted the plea through "the use of

words such as 'I accept your plea guilty.'" *See* 340 F.3d at 630-31. In this case, the district court did not state that it found Battle "guilty" until the sentencing hearing. *See* J.A. 273. As in this case, the lack of any adjudication of guilt or express statements from the district court regarding that the court had, in fact, accepted the defendant's plea, led the Eighth Circuit to conclude that the district court had not accepted the plea. *See* 340 F.3d at 630-31.

The majority is correct that Rule 11 is silent as to how a district court signals its acceptance of a guilty plea. In this case, rather than requiring resort to any "magic words," the available evidence indicates that the district court intended to defer acceptance of the plea until the court reviewed the presentence report. The instant case is not one of silence, where the district court conducted the Rule 11 colloquy but merely neglected to ever utter a phrase accepting the defendant's plea. Rather, the district court repeatedly described the plea as "provisional" or "conditional," stated its intent to not accept or reject the plea until review of the presentence report, and deferred adjudication of the defendant's guilt. *See Shaker*, 279 F.3d at 497 (noting that to construe deferral as acceptance would "ignore the district court's clear expression of intent to defer acceptance"). Accordingly, I believe that all of the evidence leads to but one conclusion: the district court did not accept Battle's plea on February 16th.

For the foregoing reasons I believe Battle had the absolute right to withdraw his guilty plea at the sentencing hearing and thus I respectfully dissent from the majority's conclusion.