**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4650

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

KEVIN BATTS, a/k/a K-Smooth,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:03-cr-00394-JRS)

Argued: September 28, 2007          Decided: October 22, 2007

Before WILKINSON and KING, Circuit Judges, and Frederick P. STAMP, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Roderick Charles Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant. Charles Manley Allen, Jr., GOODMAN, ALLEN & FILETTI, Glen Allen, Virginia, for Appellee. **ON BRIEF:** Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We are asked to review the reasonableness of a sentence that deviates fifty-four percent from the advisory guidelines range. This court has never upheld such a significant variance, and will only do so if presented with a sufficient explanation. Because the district court failed to adequately articulate reasons that justify the large variance imposed, we find the sentence to be unreasonable. We thus vacate the sentence and remand for resentencing.

I.

On August 3, 2004, a jury convicted Kevin Batts of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), see 18 U.S.C. § 1962(d) (2000), and conspiracy to distribute and possess with intent to distribute at least fifty grams of cocaine base, commonly known as "crack," see 21 U.S.C. §§ 841, 846. Batts was a member of the Third Ward Gang in Petersburg, Virginia. He was one of thirty-six gang members found guilty of taking part in the above conspiracies. During Batts's participation in the conspiracies, which occurred from 1998 to 2003, he ranged from fifteen to nineteen years old.

In a pre-sentence report ("PSR"), the United States Probation Office calculated that Batts had a total offense level of 36 and a criminal history category of IV. This was based in part on its

2

determination that Batts was personally responsible for the distribution of 774.27 grams of cocaine base. At a sentencing hearing on November 17, 2004, Batts challenged some of the findings of the PSR. In particular, he argued for a reduced offense level since all but 4.77 grams of the above amount were related to conduct that took place when he was a minor. Batts contended that the court should consider only his post-majority conduct, which would have resulted in an offense level of 24.

The district court rejected this argument and adopted the offense level and criminal history category provided in the PSR. These calculations yielded a sentencing guidelines range of 262-327 months imprisonment.[1]

Because the law regarding sentencing was in flux at the time, the district court, pursuant to our decision in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (en banc), announced two sentences. The first sentence, 262 months imprisonment, was the one actually imposed by the district court. It was premised on the sentencing guidelines being mandatory. The second, or alternate, sentence was based on the sentencing guidelines being advisory. Under these circumstances, the court said it would have imposed a sentence of 120 months imprisonment, the statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(A)(iii). The court explained

---

[1]Neither party presently challenges the district court's calculation of Batts's total offense level or applicable guidelines range.

that the alternate sentence was "in line with [Batts's] argument" about post-majority conduct, and that while Batts's claim "lacks merit because of the current state of the law, it doesn't lack logic."

On March 21, 2006, this court affirmed Batts's convictions but vacated his sentence in light of the intervening Booker decision, which rendered the sentencing guidelines effectively advisory. See United States v. Batts, 171 Fed. Appx. 977 (4th Cir. 2006). We remanded for resentencing "because the alternative sentence (treating the guidelines as advisory) . . . was shorter than the sentence actually imposed." Id. at 984.

At a resentencing hearing on May 20, 2006, the district court imposed the alternate sentence of 120 months imprisonment. This represented a fifty-four percent deviation from the applicable guidelines range. When providing its rationale for such a significant variance, the court simply stated that it had "thought about this at great length before" and "considered all of the facts and circumstances" when reaching its decision.

Claiming the sentence to be unreasonable, the government took a timely appeal, which we now consider.

II.

Under United States v. Booker, 543 U.S. 220, 261 (2005), we review a sentence for reasonableness. This "involves both

4

procedural and substantive components." United States v. Pyles, 482 F.3d 282, 288 (4th Cir. 2007) (quoting United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006)). "A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Moreland, 437 F.3d at 434.

"A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding." Id.; United States v. Davenport, 445 F.3d 366, 372 (4th Cir. 2006). Thus, when imposing any sentence, but particularly one that deviates from the applicable guidelines range, the district court "must articulate the reasons for the sentence imposed." Moreland, 437 F.3d at 432; United States v. Battle, --- F.3d. ---, 2007 WL 2484936, at *7 (4th Cir. 2007). As we have repeatedly recognized, the "explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary." Moreland, 437 F.3d at 432; United States v. Baucom, 486 F.3d 822, 828 (4th Cir. 2007); United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). While this does not mean that the sentencing court must discuss each factor "in checklist fashion," Moreland, 437 F.3d at 432, or "conduct a § 3553(a) roll call," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), it does mean that "the record must reflect that the court adequately

5

and properly considered the § 3553(a) sentencing factors" when arriving at a sentence, <u>United States v. Ruhbayan</u>, --- F.3d ---, 2007 WL 2215955, at *9 (4th Cir. 2007) (quoting <u>United States v. Eura</u>, 440 F.3d 625, 632 (4th Cir. 2006)).

Taken together, our "overarching standard of review" is "whether the sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006); <u>United States v. Tucker</u>, 473 F.3d 556, 561 (4th Cir. 2007).

When considering a sentence's reasonableness, we "review the district court's legal conclusions <u>de</u> <u>novo</u> and its factual findings for clear error." <u>Hampton</u>, 441 F.3d at 287.


III.

The government contends that the variance sentence imposed by the district court is unreasonable. For the reasons that follow, we agree.[2]

_____

[2]Batts argues that the sentence should be vacated only if it constitutes plain error, because the government waived any objection to the alternate sentence. We find this assertion to be without merit. As we have previously held, the government preserves an objection to a variance sentence by "arguing for a sentence within the Guidelines range throughout the sentencing hearing." <u>United States v. Curry</u>, 461 F.3d 452, 459 (4th Cir. 2006); <u>see</u> <u>also</u> <u>United States v. Clark</u>, 434 F.3d 684, 686 n.1 (4th Cir. 2006). In this case, the government has consistently

6

Batts's sentence of 120 months imprisonment represents a fifty-four percent deviation from the applicable guidelines range. When previously confronted with such a substantial variance, we have held that "we must more carefully scrutinize the reasoning offered by the district court in support of the sentence." Moreland, 437 F.3d at 434. This is because the Sentencing Guidelines, though advisory after Booker, still represent a reasoned sentencing process. See Rita v. United States, 551 U.S. ___, 127 S. Ct. 2456, 2463-65 (2007); Johnson, 445 F.3d at 341-44. Thus, exercises of discretion have to be supported by adequate explanations. See 18 U.S.C. § 3553(c)(2) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence is not [within the guidelines range], the specific reason for the imposition of a [non-guidelines] sentence. . . ."); Rita, 127 S. Ct. at 2468-69.

In this case, however, the district court provided little explanation for its decision, let alone the sort of justification we hope would accompany such a substantial deviation from the guidelines range. The court simply stated that it had "thought about this at great length before" and "considered all of the facts and circumstances." The court's failure to articulate its reasons

---

advocated a sentence within the applicable guidelines range, including at the resentencing hearing. Thus, we reject the notion that it failed to preserve its objection.

7

leaves us in the dark as to whether its reasoning is properly "tied to the factors set forth in § 3553(a)." Moreland, 437 F.3d at 432.

For example, it is not clear whether (or, if so, how) the district court considered the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6). As noted earlier, Batts was one of thirty-six Third Ward Gang members convicted of similar crimes relating to the illegal activity of the organization. Of those thirty-six, however, Batts was one of only five who did not plead guilty and instead went to trial. Notably, his four co-defendants at trial--Antoine Allen, Mario Allen, Kevin Langston, and Christopher Brown--have been sentenced to life imprisonment, life imprisonment, 260 months imprisonment, and 240 months imprisonment, respectively. As for the thirty-one members who pled guilty, each was initially sentenced within his respective guidelines range: two defendants received sentences below 120 months incarceration, and the other twenty-nine received sentences ranging from 133-384 months imprisonment.[3]

Thus, when compared to defendants "who have been found guilty of similar conduct," Batts's sentence is not only significantly lower than those of his trial co-defendants but also lower than the

---

[3]Though initially sentenced within their applicable guidelines ranges, many of these defendants have subsequently received sentence reductions for cooperating with the government. See Fed. R. Crim. P. 35(b). These figures represent the sentences initially imposed, before any reduction pursuant to Rule 35.

8

sentences imposed on most of the gang members who pled guilty. This would seemingly merit an explanation by the district court, especially since similarly situated defendants who go to trial typically receive longer sentences than those who plead guilty. See, e.g., United States v. Khan, 461 F.3d 477, 499-501 (4th Cir. 2006) (noting that a disparity in sentences between those who went to trial and those who pled guilty is not necessarily unwarranted). However, no such explanation was explicitly provided. Given the lack of discussion on the matter, it appears that the district court failed to consider whether the disparity created by sentencing Batts more leniently was unwarranted. This failure to adequately consider § 3553(a)(6), as required by Congress, renders the sentence unreasonable. See United States v. Clark, 434 F.3d 684, 686 (4th Cir. 2006) (finding unreasonable a sentence given "wholly without regard for whether the sentence thereby imposed would result in sentencing disparities").

Another factor that received incomplete consideration is the "history and characteristics of the defendant," specifically his age during the conspiracies. See 18 U.S.C. § 3553(a)(1). When the district court stated that it had "thought about this at great length before," it presumably was referring to Batts's first sentencing hearing, where the court initially determined the then-alternate sentence of 120 months imprisonment. But even in that instance, the district court only explained that it was doing so

9

"in line with [Batts's] argument." This reference, in turn, was presumably to Batts's claim that he should have a lower offense level because only a small fraction of the drugs he was found responsible for distributing were related to post-majority conduct.

This bare reference, however, cannot be deemed sufficient. On the one hand, courts have traditionally weighed a defendant's age when meting out punishment. See 18 U.S.C. § 3553(a)(1). To the extent that much of Batts's drug activity occurred while he was a minor, a variance of some sort might be considered. On the other hand, the fact that Batts continued the same illegal activity after he had reached the age of majority and spent time in juvenile detention may indicate that he should not be afforded such a significant break, since it is not clear that his coming of age has changed his unlawful conduct. Thus, at a minimum, the district court should have engaged in a more detailed examination as to whether Batts's argument about post-majority conduct justifies such a significant variance from the guidelines range. This it failed to do.

The task of reviewing a sentence's reasonableness should not be akin to reading tea leaves. In order for appellate courts to adequately review the reasonableness of a sentence, the reasons underlying a district court's decision should be clear. This will also produce the added benefits of bolstering the "public's trust

in the judicial institution" and helping the "Guidelines constructively evolve over time." <u>Rita</u>, 127 S. Ct. at 2468-69.

While we emphasize that a sentencing court need not engage in an exhaustive review of every § 3553(a) factor in painstaking detail, we must be confident that the court considered the appropriate and relevant factors in a reasoned fashion. In this case, the need for an adequate explanation is particularly important in light of the degree of deviation from the applicable guidelines range and the concerns involving the § 3553(a) factors we note above. <u>See</u> <u>Moreland</u>, 437 F.3d at 434 (holding that the "farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be").

Because the district court did not provide sufficient reasons to justify such a substantial deviation from the applicable guidelines range, we find Batts's sentence to be unreasonable. Thus, we vacate the sentence and remand for resentencing.

<u>VACATED AND REMANDED</u>