**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4792

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MATTHEW E. HAILE,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:06-cr-00101-IMK)

Submitted:  June 25, 2008        Decided:  July 22, 2008

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew E. Haile was convicted, after a jury trial, of robbery affecting interstate commerce (Hobbs Act robbery), in violation of 18 U.S.C. § 1951 (2000), use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(1) (2000), possession of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5822, 5861(c), 5871 (2000), and failure to register a sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2000).  He was sentenced to 166 months in prison, and he timely appealed.  Finding no reversible error, we affirm.

Haile first argues that the district court erred when it admitted evidence that prior to the October 2006 robbery, he had been barred from the premises of the Rite Aid store where the crime occurred.  During cross-examination, the Government asked Haile whether he had been barred from the Rite Aid store, and Haile stated that he had not.  To impeach Haile's statements, the Government called a rebuttal witness, Debbie Wriker, to contradict Haile's denial of the barring notice.  Haile objected to the evidence under Fed. R. Evid. 608(b), arguing that "[s]pecific instances of the conduct of the witness, for the purposes of attacking or supporting the witness's character for truthfulness . . . may not be proved by extrinsic evidence."  Id.  The Government argued that the evidence was admissible under Fed. R. Evid. 613(b), as it would establish a prior inconsistent statement,

and was admissible because Haile was afforded the opportunity to explain or deny the statement. The district court overruled the objection and permitted the witness to testify.

This court reviews the district court's admission of evidence for an abuse of discretion. See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). An abuse of discretion occurs "only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 314 (2006). Evidentiary rulings are subject to harmless error analysis. United States v. Brooks, 11 F.3d 365, 371 (4th Cir. 1997).

The district court properly determined in denying a post-trial motion for a new trial that any error in the admission of Wriker's testimony was harmless because the evidence of Haile's guilt was independent and overwhelming. During trial, Haile admitted that he entered the store wearing a bandana over his face and a hooded sweatshirt, asked the cashier for money, and took the money. He also admitted that he sawed down the shotgun, and that he possessed it before and after the robbery. Haile's defense was that he did not use the firearm during the commission of the crime. However, Haile made inconsistent statements to police and on the stand about where the weapon was located during the robbery, and he testified that he lied to the police when he told them the weapon

was on his person when he robbed the store. The jury's verdict reflects that it determined to credit the testimony of the sales clerk and another customer, who stated that Haile was holding a weapon concealed in his sweatshirt while he demanded money. Thus, the evidence was sufficient to convict Haile of both the Hobbs Act robbery and use of the firearm during the commission of a crime. The admission of the barring notice, if erroneous, was harmless.

Haile next contends that the district court erroneously used the preponderance of evidence standard of review at sentencing in finding, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2006), that Haile obstructed justice. Haile argues that the court was required to use the beyond a reasonable doubt standard to make such a factual finding because "[t]here is no binding directive from any source expressly providing for the preponderance standard to serve as the only proof standard at federal non-capital sentencing hearings."[*] (Appellant's brief at 16). Haile did not raise this issue at sentencing; thus it is reviewed for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

Haile recognizes that United States v. Morris, 429 F.3d 65 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006), is

---

[*]Haile does not argue on appeal that there was insufficient evidence for the judge to find that he obstructed justice using a preponderance standard.

frequently cited in support of the preponderance of the evidence standard, but he contends that Morris did not squarely address this issue.

Long-standing authority has permitted a sentencing court to consider evidence that "has sufficient indicia of reliability," see USSG § 6A1.3(a), so long as that conduct has been proved by a preponderance of the evidence. See United States v. Montgomery, 262 F.3d 233, 249 (4th. Cir. 2001); United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997). Pursuant to the remedial portion of United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence, taking into account that the resulting guidelines range is advisory only. Morris, 429 F.3d at 71-72. Despite Haile's contentions, even after Booker, we have consistently approved the preponderance standard for judicial factfinding at sentencing hearings. See, e.g., United States v. Battle, 499 F.3d 315 (4th Cir. 2007). Further, we simply disagree that Morris is not applicable. Thus, because the district court properly used the preponderance standard to find Haile obstructed justice, we find Haile's claim to be meritless.

Accordingly, we affirm Haile's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED