**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4135**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

MARQUIS DURELL ERBY,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:07-cr-00547-HFF-1)

_____

Submitted:  July 18, 2008       Decided:  August 29, 2008

_____

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Kevin F. McDonald, Acting United
States Attorney, Maxwell Cauthen, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis Durell Erby pled guilty to one count of possession of a firearm by a convicted felon. His advisory Guidelines range was 84-105 months, reflecting a total offense level of 23 and a criminal history category of V. At sentencing, the district court adopted the presentence report, to which there were no objections. The court mentioned a sentencing memorandum filed by Erby and heard defense counsel's argument based on that memorandum. The court took into consideration the sentencing factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), remarking especially on Erby's criminal history (§ 3553(a)(1)) and the need for deterrence (§ 3553(a)(2)(B)). Erby was sentenced to eighty-four months in prison. He appeals, contending that the district court did not adequately explain its reasons for imposing sentence. We affirm.

We review a federal sentence for abuse of discretion. Under this standard, we must determine whether the sentence is procedurally and substantively reasonable. Gall v. United States, 128 S. Ct. 586, 594-97 (2007). We may afford a sentence that falls within the properly calculated Guidelines range a presumption of reasonableness. United States v. Battle, 499 F.3d 315, 322 (4th Cir. 2007), cert. denied, 128 S. Ct. 1121 (2008); see Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Erby's eighty-four-month sentence, which falls at the lowest end of his Guidelines range, is presumptively reasonable. Moreover, the district court appropriately considered that range, together with the sentencing memorandum, statements at sentencing, and the § 3553(a) factors, when imposing sentence. With regard to the § 3553(a) factors, we note that there is no requirement that the sentencing judge give a lengthy explanation for the sentence; rather, the judge need set forth only enough "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 127 S. Ct. at 2468. In this regard, the district court's explanation for the sentence imposed was sufficient.

After carefully examining the record, we conclude that the sentence imposed is reasonable and that the district court did not abuse its discretion in sentencing Erby to eighty-four months in prison.[*] We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[*]We reject Erby's contention that the district court was mistaken about his criminal history. When discussing Erby's criminal record, the court said, "Some of it is drugs, some of it is some serious stuff." Erby's record included several drug offenses, which were assigned criminal history points, and several convictions for driving under a suspended license, which received no points. We believe that the phrase, "some of it is some serious stuff" merely emphasizes the serious nature of the drug offenses and does not, as Erby contends, reflect the district court's confusion about his criminal record.

the materials before the court and argument would not aid the decisional process.

AFFIRMED