**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4104**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTTIE LEE MARTINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, Senior District Judge. (2:10-cr-00122-JBF-TEM-1)

Submitted: October 20, 2011        Decided: November 15, 2011

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Elizabeth M. Yusi, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scottie Lee Martinez appeals his conviction and sentence of 960 months' imprisonment for production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (2006), and 18 U.S.C. § 2256 (1), (2) (2006), and abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(1), (c) (2006). His sole contention on appeal is that the district court erred in denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm.[*]

This Court reviews for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason"

---

[*]In its brief, the Government urges this Court to dismiss Martinez's appeal based on the appellate waiver contained in his plea agreement. We have reviewed the record and conclude that, while the district court carefully questioned Martinez concerning his waiver of his right to appeal his sentence, no mention was made that the terms of Martinez's appellate waiver also barred a challenge to his conviction. See United States v. Wood, 378 F.3d 342, 349 (4th Cir 2004) (discussing a criminal defendant's reliance "on the district court's characterization of the material terms [of the plea agreement] disclosed during the [Rule 11] hearing"); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991) (noting that if the district court fully questions a defendant regarding the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is generally both valid and enforceable). We therefore decline the Government's invitation to dismiss Martinez's appeal, and address Martinez's claim on the merits.

for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). "[R]eversal is warranted only if the plea proceedings were marred by a fundamental defect that inherently resulted in a complete miscarriage of justice, or in omissions inconsistent with rudimentary demands of fair procedure." United States v. Ubakanma, 215 F.3d 421, 425 (4th Cir. 2000). In deciding whether to permit withdrawal, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424.

Although all the factors in Ubakanma should be given appropriate weight, the key factor in determining whether a motion to withdraw should be granted is whether the Rule 11 hearing was properly conducted. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). This Court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the

3

plea is final and binding if the Rule 11 proceeding is adequate. Lambey, 974 F.2d at 1394.

We have reviewed the Ubakanma factors and conclude that Martinez has not carried his burden. Although Martinez made a bare assertion of legal innocence, we have thoroughly reviewed the record and find no error in the district court's determination that Martinez's claim was not entitled to credence. Moreover, Martinez has not alleged any defect in his Rule 11 proceeding; there was a significant delay between the entry of the plea and the motion to withdraw the plea; and Martinez had close assistance of counsel. While we acknowledge the district court's finding that neither the Government nor the courts would be overly burdened by allowing Martinez to withdraw his guilty plea and proceed to a trial, we agree that, given the soundness of Martinez's guilty plea and the lack of credible evidence supporting his assertion of legal innocence, the Ubakanma factors, taken as a whole, support the district court's rejection of Martinez's motion to withdraw.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4