**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4661

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DESABE LOUIS MEADOWS, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge.  (5:06-cr-00190-1)

Submitted:  January 29, 2009        Decided:  March 23, 2009

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West
Virginia, for Appellant.   Charles T. Miller, United States
Attorney, Gerald M. Titus III, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Desabe Meadows, Jr., pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced as an armed career criminal to the statutory minimum of 180 months' imprisonment. Meadows appeals, claiming the district court abused its discretion in denying his motion to withdraw his guilty plea and that he was sentenced in violation of his Sixth Amendment rights. Finding no reversible error, we affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). Once the district court has accepted a defendant's guilty plea, the defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth of the Moore factors carry the most weight in these considerations, as they concern whether the defendant has a good reason to "upset settled systemic expectations." United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). However, an appropriately conducted Fed. R. Crim. P. 11 proceeding "raise[s] a strong presumption that the plea is final and binding," Lambey, 974 F.2d at 1394, as statements made during a plea hearing "carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414.

Our review of the record confirms Meadows received an adequate Rule 11 hearing, which creates a strong presumption that his guilty plea was final and binding. However, Meadows

3

argues on appeal, as he did below, that he did not enjoy the close assistance of competent counsel. We have reviewed Meadows' proffered reasons for withdrawal of his guilty plea on ineffective assistance grounds and we find that the court did not err in concluding Meadows failed to demonstrate "that his counsel's performance fell below an objective standard of reasonableness," see Lambey, 974 F.2d at 1394 (internal quotation marks omitted). Accordingly, we conclude that the district court did not abuse its discretion in determining that Meadows failed to present a fair and just reason that his guilty plea should be withdrawn.

Meadows also reasserts on appeal his objection on Sixth Amendment grounds to the use of judicial fact finding to establish the three predicate violent felony offenses that raised his minimum sentence to fifteen years under 18 U.S.C. § 924(e) (2006). Meadows acknowledges, however, that this argument is foreclosed by this court's decision in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005).

We therefore affirm Meadows' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4