**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4574**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN CURTIS EWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Walter Dekalb Kelley, Jr., District Judge.  (4:07-cr-00069-WDK-FBS-2)

Submitted:  March 23, 2009          Decided:  April 23, 2009

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY, Charlottesville, Virginia, for Appellant.   Dana J. Boente, Acting United States Attorney, Richard Cooke, Scott W. Putney, Assistant United States Attorneys, Cameron Rountree, Third Year Law Student, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Curtis Ewell appeals his conviction and 420-month sentence for conspiracy to distribute fifty grams or more of cocaine base, five hundred grams or more of cocaine, and heroin, in violation of 21 U.S.C. § 841(a)(1) (2006), and use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). Ewell argues on appeal that the district court erred in denying his motion to withdraw his guilty plea, in finding that he breached his plea agreement, and in overruling his objections to the court's advisory sentencing guidelines calculations. We affirm his conviction and dismiss his appeal of his sentence.

I. Guilty Plea

"A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal citation and quotation marks omitted). Once the district court has accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11

2

proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In deciding whether to permit a defendant to withdraw his guilty plea, a district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)) (footnote omitted).

However, an appropriately conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394; see also United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Under Rule 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right

3

to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for the plea under Rule 11(b)(3).

For the first time on appeal, Ewell argues that his plea was not knowing and voluntary because he was under the influence of medication for his bipolar disorder. This claim is not properly before this court because it was not presented to the district court when Ewell moved to withdraw his plea. Before the district court, Ewell argued only that he was innocent of some of the charged conduct to which he pled guilty and was misled into accepting the plea agreement by counsel who represented him at the time. Ewell's alleged mistaken impression regarding what conduct would ultimately determine his sentencing guidelines range did not constitute a fair and just reason for withdrawal of his plea, in light of his assertions at the plea hearing that he understood his ultimate sentence would be based in part upon the guidelines calculations and his assent

4

to the truth of the statement of facts attached to the plea agreement he signed. Ewell did not present any testimony from his former counsel, or evidence other than his own testimony, at the hearing on his motion to withdraw to corroborate his alleged misunderstanding or his claims of ineffective assistance of counsel. The district court did not abuse its discretion in finding that Ewell did not credibly assert his innocence and that his motion to withdraw his plea after a four-month delay appeared to be based upon his disappointment with the imprisonment range he faced under the guidelines.

## II. Breach of Plea Agreement

This court reviews "a claim that a party has breached a plea agreement under a bifurcated standard, reviewing the district court's factual findings for clear error, while reviewing the district court's application of principles of contract interpretation de novo." United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001) (citation omitted).

The district court did not err in finding that Ewell repudiated the statement of facts attached to the plea agreement, and claimed he was not actually guilty of the offenses he pled guilty to, and that these actions constituted a breach of his plea agreement with the Government. As discussed with respect to Ewell's motion to withdraw his guilty plea, the

5

district court's finding that his motion to withdraw his guilty plea was not simply an attempt to correct a previous misunderstanding caused by counsel is not clearly erroneous.

## III. Appeal Waiver

In his plea agreement, Ewell waived his right to appeal any sentence below the statutory maximum. This court reviews the validity of a waiver de novo, and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Ewell does not contest the validity of his waiver, beyond his argument that the district court erroneously denied his motion to withdraw his guilty plea. The issues Ewell raises on appeal regarding his sentence are covered by the waiver because the sentence imposed was below the statutory maximum.

For the reasons stated above, we affirm Ewell's conviction and the district court's finding that he breached his plea agreement, and dismiss his appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART