**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4754**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

NDUBUISI JOSEPH OKAFOR,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District
Judge.  (8:07-cr-00190-AW-1)

Submitted:  April 17, 2009             Decided:  May 14, 2009

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Pleasant S. Brodnax, III, Washington, D.C., for Appellant.  Rod
J. Rosenstein, United States Attorney, Sandra Wilkinson,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Ndubuisi Joseph Okafor appeals his conviction following his guilty plea to tax evasion in violation of 26 U.S.C. § 7201 (2006), filing false income tax returns in violation of 26 U.S.C. § 7206(2) (2006), and health care fraud in violation of 18 U.S.C. § 1347 (2006). The sole issue Okafor raises on appeal is whether the district court erred by denying his motion to withdraw his guilty plea.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal citation and quotation marks omitted). Once the district court has accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); Battle, 499 F.3d at 319. "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In deciding whether to permit a defendant to withdraw his guilty plea, a district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

The record discloses that the district court's hearing held pursuant to Fed. R. Crim. P. 11 was extensive, as was the subsequent hearing on the motion to withdraw. Further, we afford Okafor's guilty plea a strong presumption of validity. We find no credible evidence of ineffectiveness of counsel, undue pressure, lack of competence, or actual innocence.

After reviewing the Moore factors and the district court's articulated reasons for denying Okafor's motion to withdraw, we find no reversible error. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED