**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4649**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

         v.

RONALD DEMETRIOUS THOMAS,

                  Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Roger  W.  Titus, District Judge.
(8:06-cr-00405-RWT-1)

Submitted:  October 20, 2009        Decided:  December 4, 2009

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edward  C.  Sussman,  LAW  OFFICE  OF  EDWARD  SUSSMAN,  Washington,
D.C., for Appellant.  Rod J. Rosenstein, United States Attorney,
Barbara S. Skalla, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Demetrious Thomas pled guilty to distributing fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). He was sentenced to 400 months' imprisonment. On appeal, he argues the district court abused its discretion in denying his motion to withdraw his guilty plea and that his sentence is unreasonable. We affirm.

On appeal, Thomas first argues that he presented a "fair and just reason" to withdraw his plea and therefore the court erred in denying his motion. Thomas maintains counsel was ineffective in failing to ascertain the potential sentencing consequences, and in giving Thomas and his sister an "unduly optimistic" prediction regarding the sentence in an effort to induce a plea. He argues counsel failed to investigate and confirm his criminal history prior to the Fed. R. Crim. P. 11 hearing and, in this respect, properly advise him regarding the applicability of the career offender guideline. He further asserts the district court erred in discussing specific guidelines ranges at the Rule 11 hearing, in violation of United States v. Good, 25 F.3d 218 (4th Cir. 1994).

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty

2

plea.  United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003).  Once the district court has accepted a defendant's guilty plea, the defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea.  Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).  "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ."  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  The first, second, and fourth of the Moore factors carry the most weight in these considerations, as they concern whether the defendant has a good reason to "upset settled systemic expectations."  United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).  However, an appropriately conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final

3

and binding," Lambey, 974 F.2d at 1394, as statements made during a plea hearing "carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414.

The record discloses that the district court's Rule 11 hearing was extensive, as was the subsequent hearing on the motion to withdraw. Further, we afford Thomas' guilty plea a strong presumption of validity. We find no credible evidence of ineffective assistance of counsel, undue pressure, or actual innocence. After reviewing the Moore factors and the district court's articulated reasons for denying Thomas' motion to withdraw, we find no abuse of discretion in its denial.[*]

_____

[*] We reject Thomas' assertion that the district court "tainted" the Rule 11 hearing by providing examples of potential guideline ranges lower than the range ultimately applied to him. While we cautioned district courts in United States v. Good, 25 F.3d 218, 223 (4th Cir. 1994), not to give any estimates of guideline ranges in advance of the presentence report as it may turn out to be misleading, as in Good, in this case the court's discussion of guideline ranges was not error. The district court clearly warned Thomas that the guideline ranges were only examples of sentences he could receive, based on multiple variables that had yet to be decided, including his offense level and criminal history category. Moreover, any potential confusion was mitigated by the court's repeated reminders to Thomas that his guideline range would ultimately depend on whether he was found to be a career offender.

Thomas also argues his sentence was unreasonable. Specifically, he maintains that the court failed to articulate why the chosen sentence was appropriate, claiming the court's reasoning was "inadequate and constitutionally defective." This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, the court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. Finally, the court "then consider[s] the substantive reasonableness of the sentence imposed." Id. This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is substantially reasonable. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Thomas' claim regarding his sentence is wholly without merit. The district court clearly articulated its consideration of the § 3553(a) factors. Moreover, the district court's

sentence was based on its "individualized assessment" of the facts of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The court described the offense conduct and determined that the seriousness of the offense cannot be understated. The court noted that Thomas "is a very busy drug dealer who has continued to deal drugs, notwithstanding break after break after break after break from the criminal justice system." The court concluded there "simply must be serious punishment" for somebody with this massive record, who "has taken every break he's been given by every judge and, in effect, thumbed his nose at the criminal justice system and keeps on going without any deterrence whatsoever." The court described Thomas as "an unrepentant recidivist drug dealer," who "needs to be incarcerated . . . for a long period of time." Based on these considerations, the district court deemed appropriate a sentence within the advisory guidelines of 360 months to life and, accordingly, sentenced Thomas to 400 months' imprisonment. We find Thomas' within-guidelines sentence is presumptively reasonable on appeal, United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and Thomas has not rebutted that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors).

6

Thus, the district court did not abuse its discretion in imposing the chosen sentence.

We accordingly affirm Thomas' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED