**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4363**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIE EDWARD BARNES, a/k/a Big Will,

                    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00064-JPB-DJJ-1)

Submitted:  December 2, 2009        Decided:  December 23, 2009

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Barnes pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Barnes to 327 months' imprisonment. Barnes now appeals, claiming that the district court erred in denying his motions to withdraw his guilty plea. We affirm.

Because Barnes was represented by counsel, the district court was not required to consider Barnes' pro se letter filed on February 9, 2009, as a motion to withdraw his plea. See United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3rd Cir. 2006) (holding district court is within its authority to disregard pro se motions from a counseled party).

Further, even if the letter had been construed as a motion to withdraw Barnes' guilty plea, such a motion lacked merit. "There is no absolute right to withdrawal of a guilty plea." United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." United States v. Bowman, 348

2

F.3d 408, 414 (4th Cir. 2003).  With these standards in mind, we have reviewed the record on appeal and conclude that Barnes failed to present a fair and just reason that his guilty plea should be withdrawn.

Barnes also alleges that the district court abused its discretion in denying his pro se, post-sentencing motion to withdraw his plea.  After a defendant has been sentenced, the district court has no authority to grant a motion to withdraw a guilty plea.  Fed. R. Crim. P. 11(e); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).  The only vehicles to challenge the validity of the plea after sentencing are by direct appeal or in a collateral attack.  Id.  Accordingly, the district court did not abuse its discretion in denying this motion.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED