**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4383**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD DICKEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.  (1:10-cr-00305-LO-1)

Submitted:  September 26, 2011      Decided:  October 11, 2011

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Timothy D. Belevetz, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Dickey appeals his convictions for bank fraud, in violation of 18 U.S.C. § 1344(1)-(2) (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006). His sole contention on appeal is that the district court erred in denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

As an initial matter, the Government suggests that Dickey's appeal be dismissed as barred by the appellate waiver in his plea agreement. Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2006). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168. "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. An examination of the record indicates that Dickey's waiver was knowing and intelligent.

Although the Government correctly asserts the validity of Dickey's appellate waiver, such a waiver does not flatly preclude appellate review of the district court's denial of his

motion to withdraw his plea. See United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994). An appellate waiver in a plea agreement will not bar appellate review of a district court's denial of a motion to withdraw the underlying guilty plea when the motion contains a "colorable claim" that the plea agreement "is tainted by constitutional error," such as involuntariness or the lack of the effective assistance of counsel. See id. On appeal, Dickey has persisted in his claims that his plea was involuntary due to the coercion of his counsel, that his attorneys withheld germane information from him during the plea process, and that they improperly refused to file certain motions on his behalf. These claims implicate both the voluntariness of Dickey's plea and the effectiveness of his counsel during the plea process. Therefore, despite his failure to produce credible evidence to support his contentions, Dickey has asserted the requisite "colorable" constitutional claim. See id. Consequently, we decline the Government's invitation to dismiss the appeal.

Turning to the merits of Dickey's appeal, the district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2009). In order to withdraw an otherwise valid guilty plea before sentencing, a defendant must show that a "fair and just reason" supports his request to do so. Fed. R.

Crim. P. 11(d)(2)(B); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We have defined a "fair and just" reason as one that in essence challenges the fairness of the Rule 11 proceeding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Where, as is the case here, the district court substantially complies with the requirements of Rule 11 in accepting a defendant's guilty plea, that defendant must overcome a strong presumption that his guilty plea is final and binding. See id.

In determining whether Dickey has carried his burden, the court considers six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. We have reviewed the record in this case and, after carefully considering the factors described in Moore, conclude that the district court did not abuse its discretion in denying Dickey's motion to withdraw his guilty plea.

When conducting Dickey's plea colloquy, the district court substantially complied with the mandates of Rule 11, and

4

nothing in the record credibly indicates that Dickey's plea was not knowing and voluntary. While under oath, Dickey informed the district court that he was not entering his plea under threat and indicated that he had reviewed his plea agreement and the Statement of Facts with counsel. He also acknowledged his waiver of various trial rights and cognizance of the possible sentences, fines, and restitution he could receive or be ordered to pay if he chose to plead guilty. Such statements are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Additionally, contrary to Dickey's claims, our review of the record fails to reveal any indication that his counsel endeavored to coerce him to plead guilty. Therefore, Dickey has not provided credible evidence that his plea was not knowing and voluntary.

We also find that Dickey has not plausibly asserted his innocence. His vague descriptions of the information that he claims may support his innocence are unsupported by the record and fail to offer any indication that Dickey's admissions of guilt were false. Similarly, the record does not contradict Dickey's plea colloquy averments indicating that he was satisfied with the assistance of his attorneys, and his claims

5

with regard to the ineffectiveness of his counsel during the plea process remain unsubstantiated.

Moreover, Dickey delayed for almost two months from the entering of his guilty plea before filing his motion to withdraw his plea. Although the district court did not address this delay when considering Dickey's motion to withdraw his plea, this significant period of delay militates against allowing its withdrawal. Moore, 931 F.2d at 248. Lastly, allowing Dickey to withdraw his guilty plea would prejudice the government and, as the district court noted, constitute a waste of further judicial resources. United States v. Sparks, 67 F.3d 1145, 1154 n.5 (4th Cir. 1995).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED