**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-5100**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIMOTHY DEWAYNE HEGGINS,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:09-cr-00043-RLV-DCK-1)

─────────

Submitted: September 30, 2011      Decided: October 17, 2011

─────────

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────

John J. Cacheris, DOZIER, MILLER, POLLARD & MURPHY, LLP, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Dewayne Heggins pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of eighty-seven months of imprisonment. Heggins appeals his sentence, contending that the district court erred in assigning him a base offense level of 24 under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2009), and in finding that Heggins possessed the gun in connection with another felony offense, USSG § 2K2.1(b)(6). In light of our recent decision in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we agree with Heggins that his 2007 drug trafficking conviction does not qualify as a felony conviction. Accordingly, although we affirm the conviction and the court's determination that Heggins possessed the firearm in connection with an armed robbery, we vacate the sentence and remand for resentencing.

A sentence is reviewed for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The district court commits significant procedural error when it improperly calculates the Guidelines range. Id. At sentencing, Heggins objected to the base offense level of 24 on the ground that his 2007 drug trafficking conviction did not expose him to a sentence of more than one year of imprisonment. See § 2K2.1

2

cmt. n.1 (defining felony conviction). He maintained that the base offense level should be 20, pursuant to § 2K2.1(a)(4). Following United States v. Harp, 406 F.3d 242 (4th Cir. 2005), the court overruled Heggins' objection and sentenced him within his Guidelines range to a term of 120 months imprisonment. Harp has since been overruled by Simmons, which held that, under the North Carolina structured sentencing scheme, see N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009), the evaluation of whether a particular conviction was a felony must focus on the maximum sentence for which a particular defendant was eligible, based on his own criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record. Simmons, 649 F.3d at ___, 2011 WL 3607266, at *6. Judged by this standard, Heggins' 2007 conviction does not qualify as a felony. Resentencing is thus required.

Heggins' second claim of sentencing error is meritless. The 4-level increase under USSG § 2K2.1(b)(6) applies if the defendant possessed a firearm in connection with another felony offense. In this context, possessing in connection with another offense means that the firearm "facilitated or had the potential of facilitating" the other offense. USSG § 2K2.1 cmt. n.14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense." United States v. Jenkins, 566 F.3d 160,

3

163 (4th Cir.), <u>cert. denied</u>, 130 S. Ct. 330 (2009) (internal quotation marks omitted).

Heggins' objection to the enhancement was based wholly on his assertion that he did not participate in the robbery. The district court had before it information that the victim had identified Heggins as one of the robbers and that the victim said one robber choked him while the other displayed a gun and stole his money. The court also heard Heggins' deny, during his videotaped interrogation, that he had any involvement in the robbery. The district court decided that Heggins' denial was not credible, and found as a fact that Heggins had participated in the armed robbery. Once that fact was established, the further determination that the gun was possessed in connection with the robbery followed without dispute.

An appellate court generally defers to the district court's credibility determinations. <u>United States v. Abu Ali</u>, 528 F.3d 210, 232 (4th Cir. 2008). Given that the victim identified Heggins as one of the robbers, the district court's determination that he took part in the robbery was not clearly erroneous. <u>United States v. Battle</u>, 499 F.3d 315, 322-23 (4th Cir. 2007). In this appeal, Heggins contends that the court clearly erred in finding that he took part in the robbery. We disagree, and conclude that the enhancement was properly applied.

4

Because Heggins will be resentenced, his claim that the district court erred in failing to impose a variance sentence below the Guidelines range is moot. However, on remand, before imposing sentence, the district court should, "[r]egardless of whether [it] imposes an above, below, or within-Guidelines sentence . . . place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). The individualized assessment should "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328.

Accordingly, we affirm Heggins' conviction, vacate his sentence, and remand for resentencing consistent with Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED