**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-5139**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RAY ROGER NICHOLAS LONDON,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Mark S. Davis, District
Judge.  (4:11-cr-00036-MSD-FBS-1)

———————————

Submitted:  April 25, 2012          Decided:  May 3, 2012

———————————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Fernando Groene, FERNANDO GROENE, PC, Williamsburg, Virginia,
for Appellant.  Neil H. MacBride, United States Attorney,
Bradley D. Price, Special Assistant United States Attorney,
Newport News, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Roger Nicholas London pled guilty without a written plea agreement to reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a), (b)(2), 1101(a)(43) (2006) and 18 U.S.C. § 16 (2006). He was sentenced to fifty-seven months' imprisonment. On appeal his sole claim is that the district court abused its discretion in denying his motion to withdraw his guilty plea. We affirm.

"A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). Rather, once the district court has accepted a guilty plea, it is within the district court's discretion whether to grant a motion to withdraw it based on the defendant's showing of a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).

When considering whether to allow a defendant to withdraw a guilty plea, the trial court must conduct a six-factor analysis:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and

2

(6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Although all of the Moore factors should be considered, the key one is whether the Rule 11 hearing was properly conducted. Bowman, 348 F.3d at 414. Thus, this court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Having reviewed the parties' briefs and the materials submitted to the court, we conclude the district court properly weighed the Moore factors and did not abuse its discretion in denying London's motion to withdraw his guilty plea. Accordingly, we affirm the district court's denial of the motion to withdraw the plea and affirm London's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED