**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5036**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY RANDALL BELK,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry F. Floyd, District Judge.
(8:11-cr-00337-HFF-1)

Submitted:  April 24, 2012                Decided:  May 3, 2012

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   Maxwell B. Cauthen, III,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Randall Belk pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2006). Belk qualified as an armed career criminal, 18 U.S.C. § 924(e) (2006), and the district court varied downward from his advisory guidelines range and sentenced him to the statutory mandatory minimum sentence of 180 months' imprisonment. Belk's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in failing to grant Belk's pro se motion to withdraw his guilty plea. Belk was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Belk bore the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). "[R]eversal is warranted only if the plea proceedings were marred by a fundamental defect that inherently resulted in a complete miscarriage of justice, or in omissions

inconsistent with rudimentary demands of fair procedure." United States v. Ubakanma, 215 F.3d 421, 425 (4th Cir. 2000).

In deciding whether to permit withdrawal, a court should consider the six factors identified in Ubakanma, 215 F.3d at 424. Although all the factors in Ubakanma should be given appropriate weight, the key to determining whether a motion to withdraw should be granted is whether the Rule 11 hearing was properly conducted. United States v. Bowman, 348 F.3d 408, 414 4th Cir. 2003). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. Lambey, 974 F.2d at 1394.

We have reviewed the Ubakanma factors and conclude that Belk has not carried his burden. Although Belk made bare assertions in his motion that his plea was involuntary and that he was not afforded the assistance of counsel,[*] these assertions are contradicted by his sworn statements during his properly conducted Rule 11 hearing. Accordingly, we conclude the district court did not commit reversible error.

---

[*] To the extent Belk's motion could be construed as an allegation of ineffective assistance of plea counsel, there is no conclusive evidence of ineffective assistance of counsel on the face of this record. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Belk, in writing, of the right to petition the Supreme Court of the United States for further review. If Belk requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Belk. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>