**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4626**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHARLES HARGROVE, JR.,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:11-cr-00194-D-3)

———————

Submitted: March 15, 2013        Decided: March 29, 2013

———————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Hargrove, Jr., appeals from his conviction of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006). His sole contention on appeal is that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). In order to withdraw a guilty plea before sentencing, a defendant must show that a "fair and just reason" supports his request. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). The defendant bears the heavy burden of demonstrating the existence of such a reason. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009).

In determining whether a defendant has met this burden, a district court must consider the six factors articulated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We have reviewed the record in this case and, after carefully considering the factors described in Moore, conclude that the district court did not abuse its discretion in denying Hargrove's motion to withdraw his plea.

2

When conducting Hargrove's plea colloquy, the magistrate judge fully complied with the mandates of Fed. R. Crim. P. 11, and nothing in the record indicates that Hargrove's plea was unknowing or involuntary. Further, Hargrove averred during his Rule 11 hearing that he was satisfied with his appointed counsel's representation. Such statements are presumed true, and Hargrove has not produced any evidence to support his bald assertion that his counsel's assistance was deficient. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

Additionally, Hargrove has not asserted his innocence. Moreover, Hargrove did not seek to withdraw his plea until roughly seven months after his Rule 11 hearing and two months after he was appointed replacement counsel, a considerable delay. Moore, 931 F.2d at 248. Because Hargrove has also failed to show that his counsel's conduct was improper, we find that the district court correctly concluded that consideration of the first four Moore factors counseled against allowing Hargrove to withdraw his plea. Accordingly, contrary to Hargrove's suggestion, the district court was not required to explain with greater specificity the basis for its determination

3

that allowing withdrawal of Hargrove's plea would also prejudice the Government and waste judicial resources.  See United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995) (where a district court finds that the first four Moore factors weigh against allowing withdrawal of a plea, the court may "reasonably refrain from trying to ascertain just how much withdrawal of the plea would prejudice the government and inconvenience the court").

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED