**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4954**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DAVID MICHAEL PERSONS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.   Robert C. Chambers,
Chief District Judge.   (3:11-cr-00011-1)

Submitted: August 21, 2013          Decided:  December 6, 2013

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jane Moran, JANE MORAN LAW OFFICE, Williamson, West Virginia,
for Appellant.   R. Booth Goodwin II, United States Attorney,
Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

I.

David Michael Persons began using heroin to manage the pain from a past motorcycle accident, and he sold heroin and cocaine in order to support his addiction. After an unsuccessful attempt on March 1, 2010, West Virginia law enforcement successfully used two informants to make three "controlled buys" of heroin from Persons at his home in West Columbia, West Virginia in March 2010. On April 15, 2010, the police obtained an anticipatory search warrant for Persons' home based on their assertion that one of the informants had arranged a fourth controlled buy wherein Persons would meet with his heroin source in Huntington, West Virginia and call the informant when he returned home with the drugs that evening. The execution of the search warrant was thus to be triggered by Persons' phone call to the informant stating that the heroin was available.

When Persons did not call as expected on April 15, 2010, the informant called Persons, who advised that "he was having trouble with his source and would not likely have any heroin available that night." J.A. 59. On April 20, 2010, the informant called Persons again, and Persons stated that "he would have heroin available later in the day after he could secure enough buyers to justify a trip to his source." Id. The informant paid Persons $200 in advance for the heroin, and

2

Persons called the informant later that evening and stated that the heroin was ready to be picked up at his home. Upon receiving this information, West Virginia State Police and a special agent from the Drug Enforcement Administration executed the search warrant, seizing heroin, digital scales, and two firearms, inter alia, from Persons' home.

Persons was indicted on February 4, 2011 on two counts of distribution of heroin, one count of distribution of cocaine, and one count of possession with intent to distribute heroin, all in violation of 21 U.S.C. § 841(a)(1). On March 11, 2011, Persons filed a motion to suppress the evidence seized from his home, arguing that the search warrant was not executed forthwith as required by state law since it was executed more than four days after the date the police anticipated receiving Persons' phone call stating that the heroin was available. After a hearing, the district court denied the motion to suppress.

On June 2, 2011, Persons signed a written plea agreement and agreed to plead guilty to violating 18 U.S.C. § 924(c)(1), possession of a firearm in furtherance of possession with intent to distribute heroin, in exchange for the dismissal of the indictment. Persons also signed a stipulation of facts incorporated into the plea agreement that admitted the underlying facts of the conduct charged in the indictment. The plea agreement contained a provision allowing the United States

3

to use and introduce the stipulation of facts in its case-in-chief, cross-examination, or rebuttal if Persons withdrew from or breached the plea agreement. By signing the plea agreement, Persons also represented that he knowingly and voluntarily waived any right he has pursuant to Fed. R. Evid. 410 that would otherwise prohibit such use of the stipulation of facts.

Persons' guilty plea hearing was to take place on June 13, 2011. Persons initially appeared in court, but the start of the hearing was delayed for thirty minutes, and when it resumed, Persons was not present in the courtroom. J.A. 69. At that time, defense counsel advised the court that Persons no longer wished to plead guilty based on a misunderstanding between counsel and Persons, though counsel had not yet had time to discuss the implications of this decision with Persons "in view of the provisions in the plea agreement about the stipulation . . ." Id. On June 15, 2011, a superseding indictment was filed against Persons charging him with the original four counts in addition to one count for being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count for possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

On July 18, 2011, Persons filed a motion to exclude the stipulation of facts, explaining that defense counsel did not carefully read the indictment until the morning of the guilty

4

plea and had previously estimated that Persons would be subject to a recommended sentence of 60 months based on his belief that Persons' prior conviction for failure to comply did not render him a Career Offender. However, in light of the recently decided Sykes v. United States, 131 S.Ct. 2267 (2011), counsel concluded that Persons was indeed probably subject as a Career Offender to a sentencing guideline range of at least 262 to 327 months. On August 1, 2011, the district court granted counsel's subsequent motion to withdraw based on counsel's asserted potential conflict of interest in the event that Persons pursued an ineffective assistance of counsel claim based on counsel's advice. After appointment of new counsel and a subsequent motions hearing, the court denied Persons' motion to exclude the stipulation of facts without prejudice on November 22, 2011.

A two-day trial began on July 31, 2012. Persons informed the court that he did not intend to further challenge the government's use of the stipulation of facts for cross-examination, but that he reserved his right to later object. The United States referenced the stipulations when cross-examining a defense witness on the first day of trial, over defense counsel's objection. J.A. 313. On the second day, Persons decided to testify after the district court advised him that the government obviously intended to use the stipulations to question him. Persons testified that he signed the plea

5

agreement and stipulation of facts believing he would receive a sentence of 5 years. During cross-examination, defense counsel objected to the government's attempt to have Persons authenticate an edited version of the stipulations, but did not object when the government successfully sought to admit the stipulation of facts as an exhibit. J.A. 385.

A jury convicted Persons of the first five counts, acquitting him of possession of firearms in furtherance of a drug trafficking offense. In determining his relevant conduct for sentencing purposes, the district court decreased Persons' base offense level by two levels after finding that because he consumed some of the heroin, Persons "actually sold a bit less than half of the heroin that he told the police he was buying when he was questioned [following arrest]." J.A. 488. The court also applied a two-level enhancement for possession of firearms in connection with drug trafficking based on the presence of firearms in close proximity to Persons' bed, where he sat while conducting his drug deals. Notably, Persons was not sentenced as a Career Offender. Based on a total offense level of 26 and criminal history category of V, the district court calculated Persons' guideline range as 110 to 137 months. The court sentenced Persons to 120 months on each count concurrently on November 19, 2012. Persons timely appealed and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

II.

Persons makes five arguments on appeal: (1) the district court erred by allowing the stipulation of facts to be read into the record and admitted; (2) the government's evidence of the drug quantity involved and the possession of firearms in connection with drug trafficking was confusing, inconsistent, and insufficient to support the judgment; (3) the district court erred by refusing to allow Persons to withdraw from his plea bargain; (4) Persons received ineffective assistance of counsel at the time he signed the plea agreement; and (5) the district court erred by denying his motion to suppress.

We hold that any error in admitting the stipulation of facts was harmless, and that the district court did not err with respect to the withdrawal of Persons' plea agreement. We also hold that the district court did not err in sentencing Persons, nor in denying his motion to suppress. We are further unable to conclusively find that Persons received ineffective assistance of counsel. We therefore affirm the conviction and sentence.

A.

Persons first argues that the district court erred by admitting the stipulations into evidence because (1) the court never held a Rule 11 hearing to ensure that Persons knowingly, intelligently, and voluntarily signed the plea agreement, and (2) the government improperly used the stipulations for a

purpose other than to impeach or rebut by asking Persons to authenticate the stipulations. "We review evidentiary rulings for abuse of discretion, and such rulings are subject to harmless error review. . . ." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). To find an error harmless, this Court "need only be able to say 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" Id. (internal citations omitted).

Even assuming, without deciding, that the court erred in admitting the stipulation of facts, any such error was harmless because the evidence of Persons' guilt was overwhelming. Persons testified at trial that he distributed heroin and cocaine to the informants on all three controlled buys in March 2010, each of which was recorded on video. J.A. 350, 363-64. Further, law enforcement found heroin and two firearms in Persons' home on April 20, 2010, and he admitted on cross-examination that he knew that it was unlawful for him to possess a firearm due to a prior conviction. See J.A. 381. It is further doubtful that the jury seriously considered the stipulations as probative evidence of Persons' guilt since it acquitted him of possession of firearms in furtherance of a drug trafficking offense despite his stipulation that he kept the two firearms seized "in his bedroom in part to protect himself, his

8

drugs, and his cash proceeds of drug trafficking from individuals who may seek to steal the drugs or drug proceeds . . ." J.A. 413-14. Any error was therefore harmless because this Court cannot conclude that the judgment was substantially swayed by the alleged error.

B.

Persons also argues that the government's evidence of the relevant conduct — the drug quantity and the connection between the drug trafficking and the firearms found in his home — was insufficiently reliable. We review a district court's findings regarding drug quantity for clear error. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). "A district court's approximation of the amount of drugs is not clearly erroneous if supported by competent evidence in the record." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (internal citations omitted). Further, "[w]e review findings of fact relating to sentencing enhancements for clear error." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011).

Firstly, the government must prove the amount of drugs attributable to a defendant by a preponderance of the evidence. Carter, 300 F.3d at 425. "[A] sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence, as part of its calculation of an advisory Guidelines range . . . so long as its resulting sentence is within the

relevant statutory range." <u>United States v. Brooks</u>, 524 F.3d 549, 562 (4th Cir. 2008) (internal citations omitted). "If the district court relies on information in the presentence report (PSR) in making findings, the defendant bears the burden of establishing that the information relied on by the district court in making its findings is incorrect; <u>mere objections are insufficient</u>." <u>Randall</u>, 171 F.3d at 210-11 (internal citations omitted) (emphasis added).

In this case, the district court accepted the amount of cocaine estimated in the PSR but found that Persons sold less than half of the estimated heroin based on his statement to the probation officer that he consumed two to three grams of heroin daily, despite finding this statement to be an exaggeration. Persons suggests that the court should have assigned more weight to his claims of personal heroin use, and further argues that the post-arrest statement considered in the PSR as a basis for the heroin and cocaine estimates is unreliable because it was not recorded. However, Persons does not point to any factual finding that is actually incorrect, nor does he give any reason why this Court should disregard the district court's finding that his claims of daily heroin use were not entirely credible. This Court cannot conclude from Persons' mere objections that the district court erred in finding the relevant drug quantity.

Secondly, a two-level sentencing enhancement applies when a defendant possesses a firearm during a drug trafficking offense "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A). The district court applied this enhancement based on witness testimony that a firearm was visible upon entering Persons' home to conduct the drug transactions, as well as the court's own observation of the video recording of at least one of the controlled buys showing a gun present in close proximity to Persons as he conducted a drug deal. J.A. 480-81. Persons has not identified any clear error by the district court in making these factual findings, and upon review of the video evidence, at least one firearm is present during the March 31, 2010 transaction in a corner next to Persons' bed, where he sat weighing the heroin. Accordingly, the district court did not clearly err in finding Persons' relevant conduct at sentencing.

C.

Persons thirdly argues that the district court erred by refusing to allow him to withdraw from his plea bargain with the government. We review the denial of a motion to withdraw a guilty plea for abuse of discretion, United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007), but this standard is inapposite here because Persons never entered a guilty plea nor moved to withdraw a guilty plea. See J.A. 69, 73. To the

11

extent that Persons seeks to have his signed plea agreement set aside, he never made any such motion in the district court, instead arguing only that the stipulation of facts should be excluded. J.A. 81-83. This Court generally considers an issue that was not raised before the district court only if refusal to consider the issue would be plain error or a miscarriage of justice. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Neither circumstance is evident here, thus Persons' third claim on appeal is unavailing.

D.

Persons' fourth argument is that he received ineffective assistance of counsel when his attorney advised him that he was not eligible to be sentenced as a Career Offender. Persons argues that without this erroneous advice, he never would have signed the plea agreement or the stipulation of facts, the latter of which was used against him during cross-examination.[*] "A claim of ineffective assistance of counsel should be raised by [a habeas corpus] motion under 28 U.S.C. § 2255 in the district court and not on direct appeal, unless it conclusively

---

[*]Persons also suggests that the district court relied on the stipulation of facts in determining the relevant drug quantity. This argument is plainly belied by the record, as the district court considered Persons' statements to the police and probation officer, as well as evidence of Persons' conduct adduced at trial, in determining the drug quantity. J.A. 486-89.

12

appears from the record that defense counsel did not provide effective representation." United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal quotation marks and citations omitted) (alterations in original). Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant must satisfy two prongs in order to prove an ineffective assistance of counsel claim: (1) that his counsel's performance fellow below an objective standard of reasonableness, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance.

In this case, the evidence of Persons' guilt was overwhelming even without the stipulation of facts, see supra p. 7, and he was ultimately not sentenced as a Career Offender. Therefore, we cannot find that it conclusively appears from this record that Persons was prejudiced under Strickland, even if his counsel's performance was deficient, which we do not decide here. This finding does not affect Persons' right to pursue relief under § 2255 should he choose to do so.

E.

Finally, Persons challenges the district court's denial of his motion to suppress. In reviewing the denial of a motion to suppress, we review questions of law de novo and findings of fact for clear error. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Hill, 322 F.3d 301, 304 (4th

13

Cir. 2003). Persons argues that the anticipatory search warrant issued on April 15, 2010 went stale once the triggering event cited as grounds for the warrant – the phone call from Persons stating that heroin was available — did not occur. Persons contends that his statement that he was having problems getting the heroin coupled with the passage of time minimized the probable cause underlying the warrant such that the police were required to obtain a new search warrant. We disagree.

The execution of most anticipatory warrants is based upon "some condition precedent other than the mere passage of time – a so-called 'triggering condition.'" United States v. Grubbs, 547 U.S. 90, 94 (2006). In such cases, "the probable cause determination is two-fold: It must be true not only that if the triggering condition occurs there is a fair probability that contraband or evidence of a crime will be found in a particular place, but also that there is probable cause to believe the triggering condition will occur." United States v. Andrews, 577 F.3d 231, 237 (4th Cir. 2009) (internal quotation marks omitted) (citing Grubbs) (emphasis in original). When deciding whether a warrant has become stale, the Court's fundamental concern is whether "the facts alleged in the warrant furnish[ed] probable cause to believe, at the time the search was actually conducted, that evidence of criminal activity was located at the premises searched[.]" United States v. McCall, 740 F.2d 1331, 1336 (4th

14

Cir. 1984). In West Virginia, the police must execute a search warrant "forthwith," and specifically, within ten days after it is issued. W. Va. Code Ann. §§ 62-1A-3, 62-1A-4.

The triggering event in this case was as follows: "This search warrant, if issued[,] will be executed pursuant to [the informant] receiving a phone call from [Persons] advising that he has drugs for sale at his residence at that time." J.A. 61. In light of the ongoing investigation in which the informants successfully bought heroin from Persons at his home three times, there was sufficient probable cause to believe that heroin would be found in the home upon receiving a call from Persons that he had heroin available. There was also probable cause to believe that the triggering phone call would occur on or shortly after April 15, 2010 given Persons' pattern of supplying heroin to the informant once he obtained the drug from his supplier. For instance, the informant successfully purchased heroin from Persons on March 3, 2010, despite the fact that Persons had run out of his supply when the informant attempted to buy heroin on March 1, 2010. J.A. 349-50. Accordingly, the police were aware at the time that Persons did not always have heroin immediately at hand, but that when his source was depleted, Persons was able to obtain additional heroin shortly thereafter.

Further, the delay caused by Persons' difficulties getting heroin from his source did not render the warrant stale.

15

Persons told the informant on April 15, 2010 only that the heroin had not <u>yet</u> arrived, and since he had previously provided heroin within two days of it being unavailable, there remained probable cause to believe that Persons would obtain heroin within short order. Further, West Virginia allows a warrant to be executed up to ten days after its issuance, undermining Persons' argument that a warrant necessarily has not been executed "forthwith" if it is not executed on the exact date anticipated. To the contrary, the record establishes that the police acted promptly in executing the search on April 20, 2010, the day that the triggering event occurred, and well within the time allowed under West Virginia law. Because there was probable cause underlying the anticipatory warrant, and because this probable cause did not dissipate in the four days after the triggering phone call was expected to take place, the district court did not err in denying the motion to suppress.

## III.

For the reasons discussed above, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>