**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4483**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

RAHANEED OMAR GORDON, a/k/a Rider,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Gina M. Groh, District Judge.   (3:13-cr-00059-GMG-JES-1)

_____

Submitted:  November 21, 2014     Decided:  November 25, 2014

_____

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Nicolas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. Jarod James Douglas, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahaneed Omar Gordon appeals from his conviction for distribution of heroin and his 188-month sentence entered pursuant to his guilty plea. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal but questioning whether Gordon's sentence was greater than necessary to meet the goals of sentencing. Gordon has filed a pro se supplemental brief arguing that the district court erred in applying the career offender enhancement. The Government has declined to file a brief. After a close review of the record, we affirm.

Gordon contends that the district court improperly designated him a career offender because (1) his two predicate convictions were vacated; (2) his 1999 conviction is too old; (3) after both of the prior convictions were entered, he was released quickly from prison; and (4) the Government did not adequately prove the existence of these convictions. The Guidelines provide that a defendant is a career offender if he was at least eighteen years old at the time of the instant offense, the instant offense is a drug felony or crime of violence, and the defendant has at least two prior felony convictions for drug offenses or crimes of violence. U.S. Sentencing Guidelines Manual § 4B1.1(a) (2013). A prior felony

2

conviction for a drug offense or crime of violence only qualifies as a predicate offense if the sentence of imprisonment exceeded one year and one month and was either imposed within fifteen years of the defendant's commencement of the instant offense or resulted in the defendant being incarcerated during any part of such fifteen-year period. USSG §§ 4A1.2(e)(1); 4B1.2, cmt. 3. "Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently-discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted." USSG § 4A1.2, cmt. 6.

Here, the court concluded that Gordon was a career offender based on two predicate offenses: a 1999 conviction for attempted armed robbery (twelve year sentence) and a 2011 conviction for armed robbery (fifteen year sentence), both of which were imposed pursuant to Gordon's guilty pleas. Gordon's guilty pleas were entered after his original convictions were overturned, and his pleas resulted in his release soon after his convictions were entered, as his time served was sufficient or nearly sufficient to satisfy his sentences. Nonetheless, under the plain language of the Guidelines, Gordon was sentenced to sentences longer than a year and a month, such sentences were imposed within fifteen years of Gordon's current offense conduct, and neither conviction has been vacated or reversed.

3

Thus, the district court correctly counted both these convictions. See United States v. Battle, 499 F.3d 315, 325-26 (4th Cir. 2007) (finding "look-back" period of USSG § 4A1.2(e)(1) applies to the date the defendant was sentenced on his prior conviction, not the date of his arrest); United States v. Womack, 610 F.3d 427, 430-31 (7th Cir. 2010) (looking to the term of imprisonment imposed, rather than the term actually served); United States v. Adams, 403 F.3d 1257, 1260 (11th Cir. 2005) (declining to recognize an exception to look back rule where alleged backlog in the state-court system delayed imposition of sentence on predicate conviction).

Turning to Gordon's assertions that the Government failed to properly prove the existence of his predicate convictions, Gordon did not object below to the accuracy of the convictions themselves or to the description of the substantive or procedural background in the presentence report ("PSR"). Pursuant to Fed. R. Crim. P. 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Even if a defendant objects to a finding in the PSR, in the absence of an affirmative showing that the information is not accurate, the court is "free to adopt the findings of the presentence report without more specific inquiry or explanation." United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks and alteration omitted).

4

Given Gordon's failure to object to the probation officer's description of his prior convictions and his related failure to affirmatively show that the information in the PSR was inaccurate, we find no error, let alone plain error, in the district court's reliance on the PSR to find the existence of Gordon's two predicate convictions.

Gordon next contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2012), and because the district court did not give appropriate weight to his mitigating circumstances. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. at 51.

A sentence "within or below a properly calculated Guidelines range is presumptively reasonable [on appeal]." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." Id. In evaluating the sentence for an abuse of discretion, this court "give[s] due deference to the [d]istrict [c]ourt's

reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." Gall, 552 U.S. at 59-60.

Considering the totality of the circumstances, Gordon cannot rebut the presumption of substantive reasonableness accorded to his within-Guidelines sentence. To the extent Gordon attacks the district court's failure to give more weight to his mitigating circumstances, the court considered Gordon's lengthy written and oral arguments, noted the humanitarian concerns, but rejected his arguments after weighing them against Gordon's continued violent conduct, the seriousness of his past convictions, and the seriousness of his current conviction. The court found that the totality of the circumstances warranted the most lenient sentence within the Guidelines range but did not warrant a variance. Given the district court's consideration of the relevant § 3553(a) factors, we find that the court's decision was not an abuse of discretion.

In accordance with Anders, we have reviewed the entire record in this case for meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

6

withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED