**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4640**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

FREDDIE ANDAYA, a/k/a Bigotes, a/k/a Old Man, a/k/a Raymond
Garcia,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:12-cr-00030-FDW-1)

_____

Submitted: May 26, 2015          Decided: June 19, 2015

_____

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert C. Carpenter, ADAMS, HENDON, CARSON, CROW & SAENGER,
P.A., Asheville, North Carolina, for Appellant.  Jill
Westmoreland Rose, Acting United States Attorney, Amy E. Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Andaya pled guilty to conspiracy to possess with intent to distribute cocaine, conspiracy to commit money laundering, and use of a firearm during and in relation to a drug trafficking offense. He appeals his convictions, asserting that the district court abused its discretion by denying his motion to withdraw his guilty plea. We find no abuse of discretion and therefore affirm Andaya's convictions.

"A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). Rather, once the district court has accepted a guilty plea, it is within the court's discretion whether to grant a motion to withdraw it based on the defendant's showing of a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).

When considering whether to allow a defendant to withdraw a guilty plea, the trial court must consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

2

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) Although all of the Moore factors should be considered, the first, second, and fourth are the most important factors in making the determination of whether to allow withdrawal of the plea. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

We have reviewed the record on appeal and the parties' arguments, and we conclude that the district court did not clearly err in determining that Andaya's plea was knowingly and voluntarily entered, that he had the close assistance of competent counsel, and that he failed to make a credible showing of legal innocence.

We conclude that the district court properly weighed the Moore factors and did not abuse its discretion in denying Andaya's motion to withdraw his guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Accordingly, we affirm the district court's denial of the motion to withdraw the plea and affirm Andaya's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED