**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4694**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSE JAMES WILSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00009-TSK-MJA-1)

_____

Submitted:  September 26, 2024                    Decided:  December 31, 2024

_____

Before NIEMEYER, AGEE, and BENJAMIN, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Belinda A. Haynie, Morgantown, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse James Wilson appeals his convictions and the 248-month sentence imposed following his guilty plea, pursuant to his plea agreement, to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Wilson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Wilson's motion to withdraw his guilty plea to the firearm offense. Wilson did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss the appeal as barred by the appeal waiver included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issues raised on appeal fall within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Wilson's guilty plea is valid, that he knowingly and intelligently waived his right to appeal, and that the waiver is valid and enforceable.

Wilson's claim that he could withdraw his guilty plea for no reason pursuant to Rule 11(d)(1) of the Federal Rules of Criminal Procedure, is without merit. *See United States v. Battle*, 499 F.3d 315, 321-22 (4th Cir. 2007). Because this particular claim may fall outside the scope of a valid appeal waiver, we affirm. We conclude that Wilson's claim that the district court erred in finding no fair and just reason for withdrawing his guilty plea

pursuant to Rule 11(d)(2) is within the scope of the valid and enforceable appeal waiver. *See United States v. Attar,* 38 F.3d 727, 733 n.2 (4th Cir. 1994).

Finally, we have reviewed the record in accordance with *Anders* and have identified no other potentially meritorious issues that fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Wilson's appeal as to all issues within the waiver's scope. We affirm the remainder of the criminal judgment.

This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3